PHILLIPS v. OSWALD.

1. EXCEPTIONS imputing error to the trial judge in refusing to charge certain propositions of law, will not be considered where the "Case" fails to show that he was requested so to charge.
2. MARRIED WOMEN—SALE UNDER POWER.—A married woman having full power of alienation under the Constitution, cannot impeach, except for fraud, a sale made under a power contained in a chattel mortgage executed by her. Neal *v.* Bleckley, 36 S. C., 468, followed.

Before IZLAR, J., Barnwell, November, 1893.

Action by Almena Phillips against James L. Oswald and Lawrence Williams.

*Mr. I. L. Tobin,* for appellant.

*Mr. James E. Davis,* contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brought this action to recover the value of a certain bay colt, alleged to have been seized and converted to their own use by the defendants. The defendants answered; setting up as a defence to the action that the colt was taken possession of by defendant Oswald, under the power and authority to that end, contained in a chattel mortgage given by plaintiff to said defendant, and by him sold, in execution of said power, at public outcry, and bought by the defendant Williams. A copy of this chattel mortgage is set out in the "Case," but it is not necessary to refer to it further than to say that it does contain the power of sale above referred to, in case of the non-payment, at maturity, of the note which it was given to secure. The "Case" is very meagre—does not set out, or even state, any of the testimony offered except copies of the note and mortgage, and we can only gather from the charge of the Circuit Judge, which seems to be set out in full in the "Case," the point upon which the case was made to turn in the court below. We infer from the charge that there was testimony tending to show that the plaintiff was a married woman at the time of the execution of the note and mortgage referred to, and that the case was treated as if the same were executed after the passage of the act of 1887, and before the passage of the act of 1891, although both the note and mortgage were dated on the 30th day of December, 1891, and the last mentioned act was approved on the 23d of December, 1891. But we suppose that inasmuch as the act of 1891 did not go into effect until the expiration of twenty days from its approval, the case was regarded as controlled by the provisions of the act of 1887. At all events, no question is

made as to this point, and, therefore, we need not consider it. The Circuit Judge charged the jury, that unless the mortgage contained a declaration of her intention to bind her separate estate, as provided for by the act of 1887, the plaintiff being a married woman at the time, would not be bound thereby, but that the same was void and ineffectual to bind her. Inasmuch as it was quite clear that neither the note nor the mortgage contained any such declaration, the jury, under this instruction, found a verdict for the plaintiff, and judgment having been entered thereon, the defendants appealed, filing separate exceptions, which are set out in the record.

All of the exceptions, except the first, second, and seventh, filed by the defendant Oswald, impute error to the Circuit Judge in failing or refusing to charge the several propositions of law therein stated. But as the "Case" does not show that the Circuit Judge was requested to charge any of these propositions, it follows necessarily, under the well settled rule, that none of these exceptions can be considered.

We will first direct our attention to the seventh exception filed by defendant Oswald, which is in these words: "Because his honor charged the jury that if the paper does not contain the declaration, neither the mortgage nor the note, then it is an invalid paper, and the power in that paper amounts to nothing." Under the authority of the recent case of *Neal* v. *Bleckley*, 36 S. C., 468, approved and followed in the still more recent case of *Langston* v. *Smyley*, 38 *Id.*, at page 124, this exception must be sustained. In the case first cited it is said: "The power of alienation conferred upon a married woman by the terms of the constitution, being without any limitation or qualification, such as that found in the statute as to her power to contract, * * * the plaintiff had full power to sell her separate estate, without regard to the purpose of such sale, or the application to be made of the proceeds, either by herself or by her agent. Having such power to sell, she could lawfully delegate it to another; * * * and hence she cannot impeach such sale except for fraud." This language is directly applicable to the present case. The plaintiff, though a married woman, had full power to sell, either in person or by

an agent, any portion of her separate estate; and having delegated this power to sell the property here in question to the defendant Oswald, the sale made by him, in pursuance of such delegated authority, cannot be impeached by her except for fraud, which is neither alleged nor proved.

Under this view of the case, the points presented by the first and second exceptions presented by the defendant Oswald, do not arise and, therefore, need not be considered.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded to that court for a new trial.